**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

October 07, 2024

LAURA A. AUSTIN, CLERK
BY:            s/A. Beeson
                    DEPUTY CLERK

| | | |
|---|---|---|
| **FREDDIE CABRERA,** | ) | |
| **Plaintiff,** | ) | **Case No. 7:24-cv-00577** |
| | ) | |
| **v.** | ) | |
| | ) | **By: Michael F. Urbanski** |
| **JUDGE BRUCE ALBERTSON,** | ) | **Senior United States District Judge** |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Freddie Cabrera, a Virginia inmate proceeding pro se, commenced this action by filing a form complaint under 42 U.S.C. § 1983. Cabrera challenges the validity of a criminal sentence imposed by Rockingham County Circuit Court Judge Bruce Albertson, and he requests that the sentence be reduced. Compl. 2–3, ECF No. 1. Having reviewed the complaint, the court concludes that it should be construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254. For the following reasons, the court will summarily dismiss the petition without prejudice for failure to exhaust state court remedies.[1]

State prisoners have "two main avenues to relief [in federal court] on complaints related to imprisonment": a petition for writ of habeas corpus under 28 U.S.C. § 2254 and a complaint under 42 U.S.C. § 1983. Muhammad v. Close, 540 U.S. 749, 750 (2004). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from

---

[1] The court notes that Cabrera's sister, Gladys Cabrera, paid the $405.00 fee required to file a civil action. The fee for filing a petition for writ of habeas corpus is only $5.00. See 28 U.S.C. § 1914(a). Because the complaint is properly construed as a habeas petition, the court will direct the Clerk to issue a $400.00 refund to Gladys Cabrera.

that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). "By contrast, constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of [the core of habeas corpus] and may be brought pursuant to § 1983 in the first instance." Nelson v. Campbell, 541 U.S. 637, 643 (2004). Because Cabrera's complaint challenges the duration of his term of imprisonment, rather than the conditions of his confinement, his complaint is appropriately construed as a habeas corpus petition.

A federal court may not grant habeas corpus relief under § 2254 unless a petitioner has exhausted the remedies available in the courts of the state in which the petitioner was convicted. 28 U.S.C. § 2254(b). To exhaust his state court remedies, Cabrera must present his claims to the highest state court with jurisdiction to consider them—in this case, the Supreme Court of Virginia. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Failure to do so "deprive[s] the state courts of an opportunity to address those claims in the first instance." Coleman v. Thompson, 501 U.S. 722, 732 (1991). When a petitioner files a petition in federal court while he still has available state court proceedings in which to litigate his federal claims, the federal court must dismiss the petition without prejudice to allow the petitioner to exhaust those state court remedies. See Slayton v. Smith, 404 U.S. 53, 54 (1971).

State court records available online indicate that Cabrera was sentenced for a probation violation on June 7, 2024. See Commonwealth v. Cabrera, No. CR22R00562-02 (Rockingham Cnty. Cir. Ct.), available at https://eapps.courts.state.va.us/CJISWeb/circuit.jsp (last visited Oct. 3, 2024). Under Virginia law, a direct appeal must be filed "within 30 days after entry of final judgment." Va. Sup. Ct. R. 5A:6. After the time for direct appeal has expired, a petitioner

confined pursuant to a state court judgment may challenge his conviction or sentence by filing a state habeas petition in the circuit court where he was convicted and appeal any unfavorable ruling to the Supreme Court of Virginia. See Va. Code Ann. § 8.01-654(A)(1). Alternatively, he may file a state habeas petition directly with the Supreme Court of Virginia. Id. Whichever route he pursues, he must ultimately present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them on the merits under § 2254. O'Sullivan, 526 U.S. at 845.

In this case, there is no indication that Cabrera filed a direct appeal or a state habeas petition. Because the time for filing a state habeas petition has not yet expired,[2] the court will summarily dismiss Cabrera's federal petition without prejudice to allow him to pursue any claims challenging his sentence in state court. Slayton, 404 U.S. at 54.

For these reasons, Cabrera's petition is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies. An appropriate order will be entered.

Entered: October 7, 2024

Mike Urbanski
Senior U.S.District Judge
2024.10.07 13:21:09
-04'00'

Michael F. Urbanski
Senior United States District Judge

---

[2] In Virginia, "[t]he limitation period for habeas corpus petitions challenging revocation hearings is one year after the cause of action accrues," which is the date "the circuit court entered the order under which petitioner is detained." Booker v. Dir. of the Dep't of Corr., 284 Va. 6, 727 S.E.2d 650, 651 (Va. 2012) (citing Va. Code Ann. § 8.01-654(A)(2)).